No. 24-1931

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| BENAHDAM HURT, | ) | On Interlocutory Appeal from the |
| --- | --- | --- |
| | ) | United States District Court for the |
| Plaintiff-Appellee, | ) | Northern District of Illinois |
| | ) | |
| v. | ) | |
| | ) | No. 1:17-cv-07909 |
| HASINA JAVED, FAIZAL KAREEMI, | ) | |
| DREW BECK, and COLLEEN | ) | |
| DELANEY, | ) | The Honorable |
| | ) | REBECCA R. PALLMEYER, |
| Defendants-Appellants. | ) | Judge Presiding. |

# DOCKETING STATEMENT

Defendants-Appellants Hasina Javed, Faiza Kareemi, Colleen Delaney, and Drew Beck submit this docketing statement as required by 7th Cir. R. 3(c).

1. On November 2, 2017, Plaintiff-Appellee Benahdam Hurt filed a complaint in the district court under 42 U.S.C. § 1983. Doc. 1. Plaintiff filed the operative, third amended complaint on December 8, 2018, against defendants-appellants in their individual and official capacities, as well as James P. Corcoran, in his individual capacity and official capacity as Medical Director of Elgin Mental Health Center; Diana Hogan, in her individual capacity and official capacity as an administrative supervisor; Christy Lenhardt, in her individual capacity and her official capacity as a psychiatric treatment team administrator or secretary; and the Illinois Department of Human Services. Doc. 57. Plaintiff again sought relief under 42 U.S.C. § 1983, alleging that defendants violated his rights under the Fourth and

Fourteenth Amendments to the United States Constitution.  *Id.* at 17-24.[1]
Accordingly, the district court had subject matter jurisdiction over plaintiff's action
under 28 U.S.C. § 1331 because it raised a federal question.

        2.      On August 15, 2019, the district court dismissed plaintiff's claims
against the Illinois Department of Human Services and Corcoran, as well as the
official capacity claims against the remaining defendants.  Doc. 87 at 25.  On
August 25, 2020, the district court granted the parties' stipulated motion for
dismissal of Lenhardt.  Doc. 135.

        3.      The parties cross-moved for summary judgment in 2022.  Docs. 216,
220.  On September 25, 2023, the district court entered an order denying plaintiff's
motion in its entirety and granting defendants' motion in part.  Doc. 245 at 28-29.
Specifically, the court entered summary judgment in favor of defendants as to
plaintiff's supervisory liability and procedural due process claims, but denied
summary judgment as to plaintiff's failure-to-intervene claim.  *Id.*  The district
court noted, however, that in reaching its decision on the failure-to-intervene claim,
it relied on a line of cases that was not cited in the summary judgment briefing and
thus invited the parties to submit additional briefing on whether those cases, which
applied a modified deliberate indifference standard, should apply to the failure-to-
intervene claim presented in this case.  *Id.* at 23 n.8.

---

[1] In the district court, this action was related to *Owens v. Corcoran*, No. 18-cv-334,
which presented similar claims against the same defendants.  Doc. 15.  This
interlocutory appeal, however, does not address any questions relating to *Owens*.

4.     Shortly thereafter, defendants filed a motion to reconsider based on the application of the modified deliberate indifferent standard, among other grounds.  Doc. 254.  The district court denied the portion of defendants' motion that sought reconsideration of its application of the modified deliberate indifference standard, but granted reconsideration as to the claims against Hogan and dismissed her from the case.  Doc. 274 at 17.

5.     Defendants then moved the district court to permit an interlocutory appeal of a controlling legal question decided in the district court's September 23, 2023 and February 15, 2024 orders.  Doc. 277.  The district court granted the motion on April 25, 2024.  Doc. 288.  It certified the following question in that order: Whether the deliberate indifference standard or modified deliberate indifference standard applies to a failure to intervene claim involving sexual abuse of an adult resident of a state-run mental health facility.  *Id.* at 2.

6.     On May 6, 2024, defendants petitioned this court under 28 U.S.C. § 1292(b) for permission to appeal from the district court's interlocutory orders issued on (1) September 25, 2023, denying in part defendants' motion for summary judgment; and (2) February 15, 2024, denying in part defendants' motion to reconsider that summary judgment order.  *Hurt v. Javed*, No. 24-8014, Doc. 1 (7th Cir. May 6, 2024).  The petition was timely filed under 28 U.S.C. § 1292(b) because it was filed on Monday, May 6, 2024, which was the first business day following Sunday, May 5, 2024, which was 10 days after the district court entered its order granting permission to appeal.  This court granted the petition on May 22, 2024.

*Hurt v. Javed*, No. 24-8014, Doc. 2 (7th Cir. May 22, 2024). Accordingly, this court has jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(b).

                Respectfully submitted,

                KWAME RAOUL
                Attorney General
                State of Illinois

By:    <u>/s/ Sarah A. Hunger</u>
        SARAH A. HUNGER
        Deputy Solicitor General
        115 South LaSalle Street
        Chicago, Illinois 60603
        (312) 814-5202 (office)
        (312) 771-3885 (cell)
        Sarah.Hunger@ilag.gov

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on May 30, 2024, I electronically filed the foregoing Docketing Statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Sarah A. Hunger
SARAH A. HUNGER
Deputy Solicitor General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-5202 (office)
(312) 771-3885 (cell)
Sarah.Hunger@ilag.gov