No. 24-1931

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| BENAHDAM HURT, | ) | On Interlocutory Appeal from the |
| | ) | United States District Court for the |
| Plaintiff-Appellee, | ) | Northern District of Illinois |
| | ) | |
| v. | ) | |
| | ) | No. 1:17-cv-07909 |
| HASINA JAVED, FAIZAL KAREEMI, | ) | |
| DREW BECK, and COLLEEN | ) | |
| DELANEY, | ) | The Honorable |
| | ) | REBECCA R. PALLMEYER, |
| Defendants-Appellants. | ) | Judge Presiding. |

## UNOPPOSED MOTION TO SUSPEND BRIEFING

Defendants-Appellants Hasina Javed, Faiza Kareemi, Colleen Delaney, and Drew Beck move to suspend briefing in this appeal pending resolution of the district court's June 21, 2024 order indicating its intent to dismiss the action in light of a recently executed settlement agreement. On July 1, 2024, counsel for plaintiff represented that he does not oppose this motion. In support of this motion, defendants state as follows:

1. On November 2, 2017, Plaintiff-Appellee Benahdam Hurt filed a complaint in the district court alleging that defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Doc. 1. On September 25, 2023, the district court entered an order resolving the parties' cross-motions for summary judgment. Doc. 245 at 28-29. Relevant here, the court entered summary judgment in favor of defendants as to plaintiff's supervisory

liability and procedural due process claims, but denied summary judgment as to plaintiff's failure-to-intervene claim. *Id.* The district court noted, however, that in reaching its decision on the failure-to-intervene claim, it relied on a line of cases that was not cited in the summary judgment briefing and thus invited the parties to submit additional briefing on whether those cases, which applied a modified deliberate indifference standard, should apply to the failure-to-intervene claim presented in this case. *Id.* at 23 n.8.

2. Shortly thereafter, defendants filed a motion to reconsider based on the application of the modified deliberate indifferent standard, among other grounds. Doc. 254. The district court denied the portion of defendants' motion that sought reconsideration of its application of the modified deliberate indifference standard. Doc. 274 at 17.

3. Defendants then moved the district court to permit an interlocutory appeal of a controlling legal question decided in the district court's September 23, 2023 and February 15, 2024 orders. Doc. 277. The district court granted the motion on April 25, 2024. Doc. 288. It certified the following question in that order: Whether the deliberate indifference standard or modified deliberate indifference standard applies to a failure to intervene claim involving sexual abuse of an adult resident of a state-run mental health facility. *Id.* at 2.

4. On May 6, 2024, defendants petitioned this court under 28 U.S.C. § 1292(b) for permission to appeal from the district court's interlocutory orders issued on (1) September 25, 2023, denying in part defendants' motion for summary

2

judgment; and (2) February 15, 2024, denying in part defendants' motion to reconsider that summary judgment order. *Hurt v. Javed*, No. 24-8014, Doc. 1 (7th Cir. May 6, 2024). This court granted the petition on May 22, 2024. *Hurt v. Javed*, No. 24-8014, Doc. 2 (7th Cir. May 22, 2024).

5. On June 18, 2024, the parties participated in a settlement conference before the magistrate judge. Doc. 300. That same day, the magistrate judge entered an order on the docket indicating that "the parties reached a settlement, and executed a written Settlement Agreement and General Release." *Id.* On June 21, the district court entered an order directing plaintiff "to advise the court within 14 days whether the case may now be dismissed with prejudice." Doc. 301. Plaintiff has yet to submit a filing in response to the order.

6. Defendants' opening brief before this court is currently due on July 8, 2024, on no extensions of time. 7th Cir. Doc. 1. Given that the parties have executed a settlement agreement with a general release and that the district court has indicated its inclination to dismiss the case pursuant to that agreement, Docs. 300, 301, defendants submit that it would serve economy and efficiency to suspend the briefing schedule pending resolution of the issues raised in the district court's June 21, 2024 order, which will likely result in dismissal of this case. Indeed, defendants intend to seek voluntary dismissal of this interlocutory appeal once the district court action is dismissed.

WHEREFORE, Defendants-Appellants Hasina Javed, Faiza Kareemi, Colleen Delaney, and Drew Beck ask this court to suspend briefing in this appeal pending resolution of the district court's June 21, 2024 order.

                Respectfully submitted,

                KWAME RAOUL
                Attorney General
                State of Illinois

By:    /s/ Sarah A. Hunger
        SARAH A. HUNGER
        Deputy Solicitor General
        115 South LaSalle Street
        Chicago, Illinois 60603
        (312) 814-5202 (office)
        (312) 771-3885 (cell)
        Sarah.Hunger@ilag.gov

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 1, 2024, I electronically filed the foregoing Unopposed Motion To Suspend Briefing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Sarah A. Hunger
SARAH A. HUNGER
Deputy Solicitor General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-5202 (office)
(312) 771-3885 (cell)
Sarah.Hunger@ilag.gov